FRANK A. WEISER, (Bar No. 89780)
Attorney at Law
3460 Wilshire Blvd., Ste. 1212
Los Angeles, California 90010
(213) 384-6964  - (voice)
(213) 383-7368  - (fax)
maimons@aol.com - (e-mail)

Attorney for Plaintiff
BALUBHAI  G. PATEL,
Individually and as Trustee
of the BALUBHAI PATEL
FAMILY TRUST

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| BALUBHAI G. PATEL, Individually and as Trustee of the BALUBHAI PATEL FAMILY TRUST, | ) ) ) | Case No. |
|---|---|---|
| | ) ) ) ) | **COMPLAINT FOR DAMAGES; DECLARATORY AND INJUNCTIVE RELIEF** |
| Plaintiff, | ) ) ) ) ) | **[Violation of Federal Civil Rights - 42 U.S.C. Section 1983]** |
| vs. | ) ) ) ) | |
| CITY OF LOS ANGELES, a municipal corporation; CITY OF LOS ANGELES POLICE OFFICER SUED AS DOE 1; CITY OF LOS ANGELES POLICE OFFICER SUED AS DOE 2; CITY OF LOS ANGELES POLICE OFFICER SUED AS DOE 3; CITY OF LOS ANGELES POLICE OFFICER SUED AS DOE 4; CITY OF LOS ANGELES POLICE OFFICER SUED AS DOE 5; CITY OF LOS | ) ) ) ) ) ) ) ) ) ) ) | **DEMAND FOR JURY TRIAL** |

POLICE OFFICER SUED AS DOE 6;                          )
CITY OF LOS ANGELES POLICE                             )
OFFICER SUED AS DOE 7;                                 )
AND DOES 8 THROUGH 10 INCLUSIVE,                       )
                                                       )
                                                       )
                    Defendants.                        )
_____)

Plaintiff BALUBHAI G. PATEL, Individually and as Trustee of the BALUBHAI PATEL FAMILY TRUST("Plaintiff") hereby file the following Complaint and states and alleges as follows:

## JURISDICTION AND VENUE

1.    Jurisdiction of the federal court exists pursuant to 28 U.S.C. Section 1331 and 28 U.S.C. Section 1343 (a)(3). This action, which arises under the laws and Constitution of the United States, specifically, the Fifth and Fourteenth Amendments of the United States Constitution, and involves violations of federal law actionable pursuant to 42 U.S.C. Section 1983.

2.    Venue is proper in this District pursuant to 28 U.S.C. Section 1391(b) in that Defendant CITY OF LOS ANGELES ("Defendant" or "City"), is a public entity in this District, the individual defendants reside in this distriuct, and the claims arose in this District.

## PARTIES

3.    Plaintiff is the legal and beneficial owner of real property located at 255 S. Reno Street, Los Angeles, CA 90057 ("Property").

4.    Plaintiff sues in this case individually and as the trustee of a family trust that he established in 2007.

2

5. The City is a municipal corporation, created under its local charter and under the laws of the State of California.

6. The names of the Defendant CITY OF LOS ANGELES POLICE OFFICERS, DOES 1-7 are unknown at this time, and the plaintiff will amend this complaint to reflect their real names once they become known (collectively with the City as "Defendants"). Said Does Defendants 1 -7 were at all times employed by the City as law enforcement officers working under the CITY OF LOS ANGELES POLICE DEPARTMENT ("LAPD").

7. The true names and capacities, whether individual, corporate, associate or otherwise, herein named as DOES 1 through 10, and persons heretofore unknown involved in the actions taken against plaintiffs are unknown to him at this time. Plaintiff is informed and believes and based thereon alleges that each of the DOE defendants are responsible in some manner for the occurences herein referred to, and that plaintiff's injuries and damages as herein alleged were proximately caused by those defendants. Plaintiff sues said defendants by such fictitious names on the grounds that the true names and capacities of said defendants are unknown to them at this time. Plaintiff will amend this complaint when the true names and capacities of said DOE defendants are ascertained. Each reference in this complaint to "defendant", "defendants" or a specifically named defendant also refers to defendants sued under fictitious names.

## PRELIMINARY FACTUAL HISTORY

8. The property was a single family residence that plaintiff purchased over fourty (40) years ago.

3

9. Plaintiff lived continuously in the property with his family during such time and further used the property as his business office in which he managed and operated multiple hotels and motels that he owns in Southern California.

10. Aside from its fair market value, the property has great emotional value to the plaintiff.

11. Over a year ago, the property was vacated temporarily because of damage in the back of the property.

12. Plaintiff moved out of the property with his family and intended to move back in after repairs were made by his contractor.

13. During such time that plaintiff moved out of the property with his family, he properly secured the property but nevertheless, the property was broken into at times by third parties, and plaintiff notified the LAPD that third parties had broken into the property and that they were illegally trespassing.

14. Over the past year from the date of the filing of this complaint, plaintiff notified the defendants, and each of them, that third parties had broken into the property and that they were illegally trespassing, and the LAPD investigated and entered the property to remove certain third parties who are believed to be homeless individuals.

15. On or about February 12, 2023, both plaintiff and adjoining neighbors to the property made complaints to the City and the LAPD that there were third party individuals who had broken into the property and requested that the City and LAPD remove them.

16. On or about February 12, 2023, the defendants, and each of them, refused to enter the property and remove the third party individuals who had broken into the property.

4

17.    As a result of not removing the third party individuals who had broken into the property, that evening, a fire broke out in the early morning of February 13, 2023, causing extensive damage to the property and two adjacent apartment buildings, and displacing multiple residents of the adjacent apartment buildings. The fire was so extensive, it required approximately 150 City of Los Angeles firefighters to extinguish it and the fire was reported on the local news stations.

Based on the above facts, plaintiffs allege the following claims:

### FIRST CLAIM FOR RELIEF

**(Violation of Civil Rights Under 42 U.S.C. Section 1983**

**by Plaintiff Against All Defendants)**

18.    Plaintiff realleges and incorporates herein by reference to each and every allegation contained in Paragraphs 1 through 17, and all its subparts, inclusive, as set forth hereinabove.

19.   Plaintiff is informed and believes, and based upon such information and belief alleges, that in doing all of the things herein mentioned, the City and defendants, and each of them, acted under color of the statutes, regulations, customs and usages of the City of Los Angeles, and the State of California for purposes of "state action" and "color of law" under 42 U.S.C. Section 1983.

20.   Plaintiff is informed and believes, and based upon such information and belief allege, that by taking the actions hereinabove alleged in paragraphs 1-17above, the City and defendants, and each of them, violates and further threatens to violate the constitutional and civil rights of plaintiff, in particular his individual rights under the Fifth Amendment and

5

Fourteenth Amendments of the United States Constitution Takings Clause in that such actions constute a taking of his property without just compensation in violation of such clause; further violates their individual rights under the substantive and procedural components of the Due Process Clause of the Fourteenth Amendment; and further violates his individual rights under the Equal Protection Clause Fourteenth Amendments of the United States Constitution as similarly situated properties, were not so enforced as plaintiff and his property.

21.   The City's actions described in paragraphs 1-17 above were done pursuant to official policy, custom, or practice of the City, and the individual defendants are not entitled. to qualified immunity.

22.   As a proximate result of the foregoing acts of defendants, and each of them, plaintiffs have suffered extreme hardship and damages, which damages include, but is not limited to, economic damages, according to proof at trial, but no less than $10,000,000.00; and to appropriate declaratory and injunctive relief, and to his reasonable attorneys fees under 42 U.S.C. section 1988.

WHEREFORE, Plaintiff prays judgment against Defendants, and each of them, as follows:

### FIRST CLAIM FOR RELIEF

1. For damages according to proof at trial but believed to be not

    less than $10,000,000.00;

2.  For appropriate declaratory and injunctive relief,

3.  For attorney's fees pursuant to 42 U.S.C. Section 1988;

4.  For costs of suit; and

6

5. For such other and further relief as the Court

deems just and proper.

DATED: March 27, 2023          LAW OFFICES OF FRANK A. WEISER

By: _____
FRANK A. WEISER, Attorney for
Plaintiff BALUBHAI  G. PATEL,
Individually and as Trustee of the
BALUBHAI PATEL FAMILY TRUST

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial pursuant  to F.R.C.P. 38.

DATED: March 27, 2023          LAW OFFICES OF FRANK A. WEISER

By: _____
FRANK A. WEISER, Attorney for
Plaintiff BALUBHAI  G. PATEL,
Individually and as Trustee of the
BALUBHAI PATEL FAMILY TRUST

7